Mr. Justice Nott
delivered the opinion of the court.
We have no legislative act declaring which, or whether any of our rivers are to be considered as public or navigable rivers. In England, it appears that by the rules of the common law, no river is considered navigable, except where the tide ebbs and flows, (Davie's Reports, 152, 157.) But that rule will not do in this state, where our rivers are navigable several hundred miles above the flowing of the tide. And there are some rivers in England, (as lord Hale expresses it,) “ whether they are fresh or salt, whether they flow or reflow or not, are prima facie publici ju-ris, or public higways, &c.” (Hargraves Law Tracts 9.) T[ie same author observes thatfresh rivers, of what kind soever, do of common right belong to the owners of the adjacent soil ; so that the owners of each side, have of common right the propriety of the soil, and consequently the right of fishing usque adfilitm aqua. (Do. 5. Carter et al. vs. Murcotet al. 4 Burrows, 2162.) And although we cannot define by technical terms, what constitutes a navigable river in this state, yet I presume we may venture to say that cannot be considered a navigable river, the na- *583 tura! obstructions of which prevent the passage of boats of any description whatever. Nothing more is contended for on the part of the Enoree river, than that it is capable of being made navigable, but not that it is so now. It must, therefore, be considered as respects the owners of the adjacent lands, as a mere imaginary line. The claim of each extends to the centre of the bed ; and cujus est solum ejus est usque adcoelum. If, therefore, the plaintiffs had actually conveyed one half of the river in so many words, they would not have conveyed more than they were entitled to convey. But the deed in this case, is cautiously drawn. It contains no warranty; and the plaintiffs have conveyed nothing but the right and title which the testator had at the time of his death.
I do not mean to say that an individual has such an ex-slusive right to a river which is capable of being made navigable, that the legislature may not declare it to he a public highway, whenever the obstructions are removed, and it becomes fit for public use. The public may use the waters for the purposes of navigation ; but that does not impair the right of the individual to the soil, and the use of the water as far as is consistent with the right of the public.
But admitting this to be a navigable river, I am not prepared to say it would affect the relative rights of these parties. I have already remarked that this deed contains no covenant of warranty. The plaintiffs have conveyed nothing more than the right and title which the testator had at the time of his death. And a purchaser must be supposed to know as well as the seller, what right and title an individual can have to a navigable river.
The defendant purchased by certain metes and bounds; he is therefore entitled to all within those metes and bounds. If the river be a part, he is entitled to all the interest which the testator had in it, and no more. The testator had a mill on the river. The defendant has had the quiet possession and enjoyment of it. He still continues to enjoy it, and is not likely to be disturbed.
O'Neall Si? Johnson, for the motion.'
Bausketi, contra.
I liave considered all the grounds of defence together, without a particular refeience to each. And I atn r.atis-iied that the motion ought not to prevail.
The motion must be refused.
Justices Colcock, Richardson, Huger and Gantt, concurred.